**NOT FOR PUBLICATION**                                                    (Doc. No. 3)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____
                                                :
JEFFREY S. BRAZENOR,                            :
                                                :
                          Plaintiff,            :        Civil No. 13-136 (RBK/JS)
                                                :
            v.                                  :        **OPINION**
                                                :
MICHAEL W. KWASNIK, ESQ., et al                 :
                                                :
                          Defendants.           :
_____         :

**KUGLER**, United States District Judge:

        This matter comes before the Court on the motion of Jeffrey S. Brazenor ("Plaintiff") to

remand this action to the Superior Court of New Jersey, Chancery Division, Camden County,

and for costs pursuant to 28 U.S.C. §1447(c).  Defendant Michael W. Kwasnik ("Defendant")

removed the matter to federal court on January 8, 2013, almost one year after receiving service

and just three days before oral argument on a pending motion against him for sanctions.  Because

Defendant egregiously ignored the statutory criteria for removal and his petition lacks any

objectively reasonable basis, Plaintiff's motion to remand and for costs is **GRANTED**.

I.      **BACKGROUND**

        Plaintiff seeks remand for lack of subject matter jurisdiction and procedural defects.

Accordingly, a detailed recital of the facts is unnecessary and the Court will focus on the

procedural history.

        On January 17, 2012, Plaintiff filed the Complaint in the Superior Court of New Jersey,

Chancery Division, Camden County.  Pl. Mot. Remand at 4.  Sometime in February, Defendant

accepted service through counsel.  Id. at 6.  Defendant filed an Amended Answer on March 14,

2012.  Def.'s Opp'n at 2.  On October 12, 2012, following Defendant's failure and refusal to

appear for several scheduled depositions, the Chancery Division entered an order requiring

Defendant to appear for his deposition "within ten days of the date of this order, at a time and

date determined by counsel for plaintiff."  Pl. Mot. Remand at 9.  After Defendant moved the

court to vacate the order and again failed to appear at a scheduled deposition, Plaintiff filed a

cross-motion for sanctions.  Id. at 11.  The Chancery Division was scheduled to hear oral

argument on both motions on January 11, 2013.  Id. at 12.  Trial was scheduled to begin on

February 25, 2013.  Id. at 7.

On January 8, 2013, just three days before the scheduled oral argument, Defendant filed

his petition for removal.  Id. at 12.  In the notice of removal, Defendant stated that he removed

the action pursuant to 28 U.S.C. §§1334, 1332, 1441, and 1446.  That same day, Plaintiff's

counsel e-mailed Defendant stating that "the notice of petition for removal was not filed in good

faith; it was filed for an improper purpose; it is not warranted by existing law or by a

modification or reversal of existing law or the establishment of new law; and it lacks any factual

or legal basis."  Id.  Accordingly, Plaintiff advised Defendant that if he did not immediately

withdraw his petition for removal "so as to reinstate on a timely basis the January 11, 2013 return

date on the pending motions," Plaintiff would move to remand and seek an order requiring

payment of just costs and any actual expenses, including attorney's fees,  under 28 U.S.C.

§1447(c).  Id. at 12-13.  On January 11, 2013, the date on which the Chancery Division was

scheduled to hear oral argument on the motion for sanctions, Plaintiff filed the instant motion.

## II.    DISCUSSION

Plaintiff seeks remand of this matter to the Superior Court of New Jersey, from which it

was removed.  Plaintiff claims that Defendant's removal petition fails in four key respects: (1) the petition is untimely under 28 U.S.C. 1446(b); (2) all of the defendants have not joined in the removal petition; (3) there is no federal question/bankruptcy jurisdiction to support removal as the case is not "related to" a pending bankruptcy proceeding; and (4) the requirements for complete diversity are not satisfied.  Pl. Mot. Remand at 3.  Plaintiff has also moved the Court to award just costs and any actual expenses incurred as a result of Defendant's improper removal.  Id.  Because Defendant's removal was not procedurally proper and there is no federal bankruptcy jurisdiction, the Court declines to address Plaintiff's complete diversity argument.

### A.  Motion to Remand

A district court may remand an action to state court either for lack of subject matter jurisdiction, or defect in the removal process.  PAS v. Travelers Ins. Co., 7 F.3d 349, 353 (3d Cir. 1993); 28 U.S.C. §1447(c).  Section 1446(b) provides: "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. §1446(b)(1).  When a civil action is removed solely based on diversity of citizenship, pursuant to 28 U.S.C. §1441, "all defendants who have been properly joined or served must join in or consent to the removal of the action."  28 U.S.C. §1446(b)(2)(A).  "[C]ourts construe removal statutes strictly with all doubts resolved in favor of remand."  USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 206 (3d Cir. 2003).

Applying the statutory criteria to the present matter, Defendant's petition is undoubtedly procedurally defective.  Plaintiff asserts that Defendant failed to secure the consent of all defendants to his petition for removal, a point which Defendant does not challenge in his opposition.  See Pl.'s Reply at 2.  "It is well established that removal generally requires

unanimity among defendants."  Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995)

(citing Chicago, R.I. & P. Ry. Co. v. Martin, 178 U.S. 245, 24 (1900)).  The failure of all

defendants to join or consent to a removal petition "is a 'defect in removal procedure' within the

meaning of Section 1447(c)," and is a basis for remand.  Id. at 213.  Defendant does not argue

that all defendants joined or consented to his petition, nor does he suggest that this case falls

within any recognized exception to the requirement.[1]  See Balazik, 44 F.3d at 213 n.4.  Therefore,

the matter could be remanded for this procedural defect alone.

Defendant's petition for removal is also untimely.  According to Plaintiff, Defendant was

served on January 18, 2012.  Pl. Mot. Remand at 6.  Defendant filed an answer at some point in

February 2012 and filed an amended answer on March 14, 2012.  Id.  Yet Defendant did not seek

removal until January 2013, almost one year after receiving a copy of Plaintiff's Verified

Complaint.  Defendant argues that his removal petition is timely under Kaufman v. Allstate New

Jersey Ins. Co., 561 F.3d 144 (3d Cir. 2009), but the portion of the case quoted by Defendant

cannot reasonably support this contention.  The "time-of-filing" rule discussed in Kaufman bears

no relationship to the statutory timing for removal.  Instead, the court discussed exceptions to the

general rule "that the sufficiency of [diversity] jurisdiction should be determined once and for all

at the threshold." Kaufman, 561 F.3d at 152.  Nothing in Kaufman altered or detracted from

Section 1446's requirement that removal petitions be filed within 30 days of service.  Defendant

offers no other argument or authority explaining his untimely removal.

Presumably to avoid the procedural defects of his notice of removal, Defendant baldly

asserts that "federal law completely preempts the Plaintiff's state law causes of action."

---

[1] The Third Circuit has identified three exceptions to the "unanimity rule."  In Balazik, the court stated that this rule may be disregarded where: "(1) a non-joining defendant is an unknown or nominal party, or (2) where a defendant has been fraudulently joined."  44 F.3d at 213 n.4.  The Court also added that the rule of unanimity is not applicable "when a non-resident defendant has not been served at the time the removing defendants filed their petition."  Id.

Defendant contends that the pending bankruptcy proceeding, In re Liberty State Benefits of Delaware, Inc., Docket No. 11-12404-KG (D. Del.), is "within the scope of the Plaintiff's state claims" and as a result, Plaintiff's claims are preempted. Def.'s Opp'n at 6. This argument is flatly wrong. Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." 28 U.S.C. §1334(b) (emphasis added). To be clear, Plaintiff's claims are not "related to" the Liberty State bankruptcy proceeding, within the meaning of 28 U.S.C. §1334(b), because the outcome of this case has "no effect on the estate of the debtor." Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown P.C., 692 F.3d 283 (3d Cir. 2012) (citing Celotex Corp. v. Edwards, 514 U.S. 300, 308 n.6 (1995)). However, even if Plaintiff's claim were "related to" the pending bankruptcy proceeding, the statute is clear that such a relation would not provide exclusive federal jurisdiction.

Defendant's petition is inexcusably late and procedurally defective. Moreover, there is no federal question jurisdiction and Plaintiff's state law claims are certainly not preempted. Accordingly, the Court will grant Plaintiff's motion and remand the matter to the Superior Court, Chancery Division, Camden County.

### B. Motion for Costs

Plaintiff also seeks "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c). The Supreme Court has explained that "[a]bsent unusual circumstances, courts may award attorney's fees under Section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). In determining whether to award fees, district

courts should employ a balancing test, "recogniz[ing] the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id. at 140.

Plaintiff is clearly entitled to an award of just costs and actual expenses under the statute. On the verge of facing potential sanctions in state court and almost one year after litigation commenced, Defendant filed a meritless removal petition, halting the state court action in its tracks.  Instead of providing a reasonable basis for the removal, Defendant then used his opposition brief to cite irrelevant law and debate the factual merits of Plaintiff's Complaint.  In Defendant's sur-reply, for which he did not seek permission from the court to file,[2] the Defendant again failed to address any of the procedural deficiencies of his removal petition and derided Plaintiff's request for costs as "unwarranted and unreasonable."  See Def.'s Surreply at 2. The Court disagrees.  Defendant removed this action with complete disregard for the statutory criteria and for an impermissible purpose.  Defendant's petition lacks any "objectively reasonable basis" and as such, Plaintiff is entitled to just costs and any actual expenses, including attorney's fees, under Section 1447(c).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand and for costs is **GRANTED**. An accompanying order shall issue today.

Dated:   2/6/2013                                      /s/ Robert B. Kugler
                                                       ROBERT B. KUGLER
                                                       United States District Judge

---

[2] Local Rule 7.1 provides: "No sur-replies are permitted without permission of the Judge or Magistrate Judge to whom the case is assigned." D. N.J. Civ. R. 7.1(d)(6).